**Kaiser RAFIQ, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States of America, Respondent.**

**Docket No. 05–2079–AG.**

United States Court of Appeals, Second Circuit.

Argued: June 22, 2006.

Decided: July 24, 2006.

Amended: Nov. 2, 2006.*

H. Raymond Fasano, Madeo & Fasano, New York, N.Y., for Petitioner.

Toi Denise Houston, Assistant United States Attorney, for Joseph S. Van Bokkelen, United States Attorney, Northern District of Indiana, Hammond, Ind.

Before MINER, CALABRESI, Circuit Judges, RESTANI, Chief Judge, U.S. Court of Int'l Trade.**

PER CURIAM.

Kaiser Rafiq ("Rafiq" or "Petitioner") petitions for review of a March 31, 2005 decision of the Board of Immigration Appeals ("BIA") affirming a November 16,

---

\* This opinion replaces the opinion reported at 458 F.3d 36 (2d Cir.2006).

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

2004 decision of Immigration Judge ("IJ") Joe D. Miller rejecting Rafiq's application for relief from removal under Article 3 of the United Nations Convention Against Torture ("CAT"). Rafiq, a lawful permanent resident of the United States but a native and citizen of Pakistan, was placed in removal proceedings as a result of his conviction for attempted criminal sale of a controlled substance, in violation of New York Penal Law §§ 110, 220.39(1). *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i). Rafiq contends that he would be subject to torture if returned to Pakistan, both because he is a convert from Islam to Catholicism, and because his grandfather was a controversial political figure notorious in Pakistan for his pro-Bengali statesmanship.[3] The IJ found that Rafiq failed to meet his burden of showing that he would more likely than not be tortured if returned to Pakistan, and the BIA reached the same conclusion.

We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on review.

■ Because the BIA's per curiam decision "adopt[ed] and affirm[ed]" the IJ's decision, we review the decision of the IJ. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Rafiq's principal contention before us is that the IJ applied an incorrect legal standard for torture under CAT, specifically with respect to the state action requirement. On reviewing the IJ's decision and the record of the removal proceedings, we find it doubtful,

at best, that the IJ applied the correct standard.

■ In *Khouzam v. Ashcroft*, this court held that "torture requires only that government officials know of or *remain willfully blind to an act* and thereafter breach their legal responsibility to prevent it." 361 F.3d 161, 171 (2d Cir.2004) (emphasis added). Despite the efforts of Rafiq's counsel to bring *Khouzam* to the IJ's attention, the IJ failed to acknowledge the decision as controlling authority, and, in the removal hearing, the IJ made comments that strongly suggested he believed direct government involvement was required. *See* Joint App. at 86 ("We're talking about torture by the government only, not by private citizens."); *id.* at 87 ("I am not going to take evidence in this case that has something to do with private individuals bothering the respondent if he goes back to Pakistan."); *id.* at 88 ("[Torture] is when the government of a particular country either tortures you or has someone else do it for them or they see you being tortured as they put their stamp of approval on it even though it's being done by private citizens ...."); *id.* ("We're here for torture by the government or at their instigation."); *id.* at 138 ("My point is what is the government of Pakistan going to do if I send him back? The government, not extremist[s]. The government."). An IJ decision based on the application of an incorrect legal standard, of course, is subject to vacatur.[4] *See Ivanishvili v. U.S.*

3. Below, Rafiq also suggested that he would be subject to imprisonment and torture in Pakistan as a criminal deportee. Before us, he does not contest the IJ's and BIA's rejection of that claim.

4. If, rather than adopting the IJ's decision without apparent reservation, the BIA had restated the state action standard for torture under *Khouzam* and stated that Rafiq did not present evidence to satisfy it, vacatur on this

ground might not be warranted. However, the BIA also failed to demonstrate that it was applying the correct standard. The BIA's decision cited to the appropriate regulation, but not to *Khouzam's* authoritative construction of it. Rather, the BIA cited to *In re Y—L—*, 23 I & N Dec. 270 (2002)—a case overruled in part by *Khouzam*. Because we lack assurance that Rafiq's claim was judged against the correct standard, the order of removal

*Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006).[5]

For the foregoing reasons, we GRANT the petition for review, VACATE the BIA's decision, and REMAND the case to the BIA for further proceedings consistent with this opinion. The pending motion for a stay of removal is DENIED as moot. Should the BIA find it appropriate to remand further, we urge that this case be assigned to a different IJ. *See, e.g., Qun Wang v. Att'y Gen. of the United States,* 423 F.3d 260, 271 (3d Cir.2005).

---

cannot stand. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003).

**5.** We do not believe remand would be futile in this case. *See Li Hua Lin v. United States Dept. of Justice,* 453 F.3d 99, 106–108 (2d Cir.2006); *Cao He Lin v. United States Dept.* of Justice, 428 F.3d 391, 395 (2d Cir.2005). In reaching this conclusion, we express no view on the effect the REAL ID Act may have on futility analysis in aggravated felon cases under 8 U.S.C. § 1252(a)(2)(D).