**Omar De Jesus BURITICA–COLORADO, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General of the United States, Gary Cote, Hartford Officer in Charge, Bureau of Citizenship and Immigration Services, Steven J. Faquharson, Boston District Director, Bureau of Citizenship and Immigration Services, Bureau of Citizenship and Immigration Services, Respondents.

No. 03–40829–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Mario DeMarco, Esq., Port Chester, NY, for Petitioner.

Brett L. Tolman, United States Attorney for the District of Utah, Stephen J. Sorenson, Assistant United States Attorney, Salt Lake City, UT, on the brief, for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Omar De Jesus Buritica–Colorado, a native and citizen of Colombia, seeks review of an October 8, 2003 order of the Board of Immigration Appeals ("BIA") affirming the January 3, 2002 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Buritica–Colorado, Omar De Jesus,* No. A79 089 845 (B.I.A. Oct. 8, 2003), *aff'g* No. A79 089 845 (Immig. Ct. Hartford Conn. Jan. 3, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews questions of law and the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■■■ Contrary to Buritica–Colorado's claim in his brief to this Court, the IJ did not make an adverse credibility finding, but found him to be credible. The IJ considered Buritica–Colorado's claim under the protected categories of particular social group, political opinion, and imputed political opinion, and reasonably found that the claim failed for lack of nexus. Notwithstanding Buritica–Colorado's testimony that he stopped paying the ELN extortion "tax" after nine months because he "did not want to continue supporting this war that [he] wasn't even agreeing with," and he "didn't have the money," it is largely the motivation of the ELN guerrillas, and not that of Buritica–Colorado, that determines whether nexus has been established under the INA. Buritica–Colorado pointed to nothing in the record to demonstrate that the ELN targeted him because of any particular social group to which he might have belonged, or any political opinion he held or that they imputed to him.

Rather, he acknowledged that the ELN guerrillas extorted him and threatened his family because they perceived that he had the financial ability to pay the "tax" they demanded—a "tax" that they demanded from "many, many, many people," and which they enforced by threats and acts of violence. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 547–48 (2d Cir.2005) (finding that "opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime ... [and the] persecutors were motivated by [the applicant's] opposition to the government itself"). As a result, the IJ reasonably found that Buritica–Colorado was targeted by the ELN because it perceived that he would be able to pay the extortion "tax" and not because of any particular social group that he belonged to or any political opinion he held or that was imputed to him.

■ Because Buritica–Colorado failed to demonstrate that his alleged persecution or his fear of future persecution was on account of a protected ground under the INA, he necessarily failed to establish eligibility for asylum or withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3); 8 C.F.R. § 1208.16(b)(1).

■ In denying Buritica–Colorado's CAT application, the IJ characterized the standard for CAT relief in the follow manner: "torture must be inflicted by the government," and "torture by organizations in which the government is unable to control does not constitute torture." The IJ then found that even though rebels in Colombia control part of the territory of that country, "this [was] not a basis for a torture convention claim." It is questionable whether Buritica–Colorado presented sufficient evidence to demonstrate that it is more likely than not he will be tortured by the ELN, whether in an ELN-held territory or elsewhere in Colombia, and this court has not held that acts carried out with the awareness of government officials who are unable to prevent them, such as acts carried out by rebel groups exercising *de facto* control over a territory, do not constitute torture under CAT. *See Khouzam v. Ashcroft,* 361 F.3d 161 (2d Cir.2004). Nonetheless, it is not clear from the record that the IJ considered Buritica–Colorado's claim that he would be tortured no matter where he relocated in Colombia and that the reach of the ELN was ubiquitous within Columbia, or that the IJ applied the correct CAT standard to Buritica–Colorado's claim. *See Khouzam,* 361 F.3d at 171 (holding that CAT "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."); *Rafiq v. Gonzales,* 468 F.3d 165, 167 (2d Cir.2006) (remanding where the agency fails to demonstrate that it applied the correct CAT standard). We, therefore, remand so that the agency can apply the standard for CAT as authoritatively articulated by this Court in *Khouzam.* *See Khouzam,* 361 F.3d at 171; *Rafiq,* 468 F.3d at 167.

For the foregoing reasons, we GRANT this petition in part and deny it in part, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings consistent with this decision.