Gonzalez-Benitez v. Lynch

BIA
Mulligan, IJ
A094 058 886

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand sixteen.

PRESENT:
    DENNIS JACOBS,
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

JOSE FRANCISCO GONZALEZ-BENITEZ,
        *Petitioner,*

        v.                                          15-1054
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Charles Richard Conroy, Law Offices
                       of Charles R. Conroy, PLLC, New York,
                       New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Blair T.
                       O'Connor, Assistant Director;
                       Joseph D. Hardy, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Francisco Gonzalez-Benitez, a native and citizen of El Salvador, seeks review of a March 30, 2015, decision of the BIA affirming a November 19, 2014, decision of an Immigration Judge ("IJ") denying Gonzalez-Benitez's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Jose Francisco Gonzalez-Benitez,* No. A094 058 886 (B.I.A. Mar. 30, 2015), *aff'g* No. A094 058 886 (Immig. Ct. N.Y. City Nov. 19, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's opinion as modified by the BIA, i.e., minus the IJ's ruling requiring Gonzalez-Benitez to identify the specific officials who would acquiesce in any torture by the Mara Salvatrucha ("MS-13"). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The CAT prohibits the removal of any person to a country where "it is more likely than not" that the individual "would

2

be tortured." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). "[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Therefore, direct government involvement is not necessary in order to obtain CAT relief. *Rafiq v. Gonzales*, 468 F.3d 165, 166 (2d Cir. 2006).

The record does not compel the conclusion that Gonzalez-Benitez will more likely than not be tortured with the acquiescence of the Salvadoran government. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (emphasizing that an applicant must demonstrate that someone in his particular circumstances will more likely than not be tortured); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (holding that "[a] determination of what will occur in

3

the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding"). The record contains conflicting evidence of the Salvadoran government's efforts to combat gang violence. On one hand, there is evidence that MS-13 has infiltrated the police force and that gang members can intimidate witnesses with impunity. On the other hand, there is evidence that police and army officers with ties have been identified and suspended, that the Salvadoran government is attempting to fight gang violence through legislation and law enforcement initiatives, and that these initiatives have had some success.

Gonzalez-Benitez argues the agency ignored evidence showing collusion between MS-13 and the Salvadoran police. While we "require some indication that the IJ considered material evidence supporting a petitioner's claim," *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005), we do not require the IJ to "expressly parse or refute on the record each and every" piece of evidence, and "we presume that an IJ has taken into account all the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Here, nothing in the record compels the conclusion that the IJ ignored Gonzalez-Benitez's evidence: the IJ cited the State Department report in his decision, and engaged in a long discussion with

4

Gonzalez-Benitez's counsel concerning the country conditions evidence. Given the conflicting evidence in the record, a reasonable fact finder would not be compelled to conclude that Gonzalez-Benitez is "more likely than not to be tortured" with the acquiescence of the Salvadoran government. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Mu Xiang Lin*, 432 F.3d at 159-60; *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5