Carcamo-Granillo v. Garland
BIA
Wilson, IJ
A097 740 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-one.

PRESENT:
    REENA RAGGI,
    DENNY CHIN,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

YESSENIA CAROLINA CARCAMO-GRANILLO,
        *Petitioner*,

v.                                          19-1460
                                            NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Bruno Joseph Bembi, Esq.,
                           Hempstead, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yessenia Carolina Carcamo-Granillo, a native and citizen of El Salvador, seeks review of an April 22, 2019, decision of the BIA affirming a December 20, 2017, decision of an Immigration Judge ("IJ") denying her application for withholding of removal and protection under the Convention Against Torture ("CAT"). *In re Yessenia Carolina Carcamo-Granillo,* No. A 097 740 552 (B.I.A. Apr. 22, 2019), *aff'g* No. A 097 740 552 (U.S. Immig. Ct. N.Y.C. Dec. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195

(2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo); *Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006) (reviewing denial of continuance for abuse of discretion).

Carcamo-Granillo applied for withholding of removal and CAT relief,[1] alleging past threats and thefts by members of MS-13 and alleging that she feared future persecution and torture by MS-13. On the day of her merits hearing, she requested a continuance for further preparation, to call a witness, and to apply for a waiver in connection with a visa petition filed on her behalf by her mother. We find no abuse of discretion in the denial of a continuance and no error in the agency's denial of relief.

The agency did not abuse its discretion in denying Carcamo-Granillo's motion to continue her removal proceedings. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. The agency did not abuse its discretion in finding that Carcamo-Granillo did not show good cause. Her proceedings had been pending since

---

[1] We do not address Carcamo-Granillo's argument that the IJ erred by finding her asylum application time-barred because the record reflects that she conceded that the claim was untimely and pursued only withholding of removal and CAT relief before the IJ.

2003, she had six weeks' notice of the change in her hearing date, and she did not move for a continuance in advance of her hearing. She alleges that she was deprived of due process because she was unable to present a witness, but she fails to allege prejudice, in that she has not identified the witness or the relevance of the witness's testimony. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)). To the extent she requested a continuance to pursue a waiver in connection with a visa petition, she did not document a pending waiver application or an approved visa petition.

The agency reasonably determined that Carcamo-Granillo did not establish her eligibility for withholding of removal or CAT relief. To qualify for withholding of removal, she was required to show past persecution or a clear probability of future persecution and a nexus between such harm and a protected ground: "race, religion, nationality, membership in a particular social group, or political opinion." 8

4

U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i); *Wei Sun v. Sessions*, 883 F.3d 23, 27–28 (2d Cir. 2018).  The agency reasonably concluded that Carcamo-Granillo did not show past persecution because she alleged that MS-13 members harassed her and her friends as they left school, stole a chain, and forced her to give them money, but she was never physically harmed.  *See Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) ("persecution does not encompass mere harassment"); *see also Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that "unfulfilled threats of physical mistreatment . . . were not sufficiently imminent or concrete for the threats themselves to be considered past persecution" (internal quotation marks omitted)).  Her fear of future harm from gang members is a fear of "general crime conditions," which does not implicate a protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

Carcamo-Granillo relies on the same factual basis for her CAT claim and argues that the agency failed to consider that gangs are the de facto government of El Salvador.  She had the burden to show that more likely than not she would be tortured by gang members and that public officials would

acquiesce to that torture. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004); *see also Rafiq v. Gonzales*, 468 F.3d 165, 166 (2d Cir. 2006). Acquiescence means that a "public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7); *see Khouzam*, 361 F.3d at 171. Carcamo-Granillo did not fully exhaust her argument that gangs are the de facto government in El Salvador. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 119–24 (2d Cir. 2007) (describing issue exhaustion as "mandatory"). And the record does not provide substantial evidence for such a claim: although she testified that the police worked for gangs, she left El Salvador in 2003 and did not submit any country conditions evidence to show the level of that alleged collusion or whether it existed throughout El Salvador. *See* 8 U.S.C. § 1229a(c)(4) (placing burden of proof and corroboration on applicant).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court